United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 6, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-41569
Summary Calendar

---

INTERNATIONAL PAPER CO.,

Plaintiff-Counter Defendant-Appellee,

versus

RICHARD N. FRAME; et al.,

Defendants,

RICHARD N. FRAME,

Defendant-Counter Claimant-Appellant.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:98-CV-36-TJW

---

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant Richard N. Frame appeals the district court's denial

of three Rule 60(b) motions he filed two days before the one-year

anniversary of the district court's entry of judgment against him

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and his co-defendants in a case brought by International Paper Co. (IP).  We affirm.

IP brought suit in federal court based on diversity jurisdiction, asserting claims against Frame, B.A. Kennedy, and Julie Ann Kennedy for civil conspiracy, fraud, and theft in violation of the Texas Theft Liability Act.  IP also alleged breach of fiduciary duty against Frame and breach of contract against the Kennedys.  The defendants asserted various counterclaims against IP.

Frame was employed as a scaler at IP's Domino, Texas paper mill.  As a scaler, he was responsible for weighing trucks carrying shipments of wood as they entered and exited the mill.  As part of his job he received "driver's tickets" from the truck drivers that described the type of wood delivered, the hauling company, the truck license tag, and the date of delivery.  IP asserted that Frame had forged over 1500 driver's tickets between 1995 and 1997, allowing the Kennedys, whose names were on the tickets, to receive payment for nonexistent loads of wood.

After a ten-day trial, the jury found for IP, holding Frame liable for $500,001 and the Kennedys liable for $250,001 each.  The district court also awarded attorneys' fees and costs against them.  The defendants appealed the judgment and the attorneys' fees award.  We dismissed the appeal of the judgment because the defendants filed their notice of appeal more than thirty days after the

2

district court denied defendant Frame's Rule 59 motion.[1]  After concluding the defendants did file the notice of appeal within thirty days of the order awarding attorneys' fees, we vacated the attorneys' fees award because it erroneously included litigation expenses not allowable under Texas law.[2]

Almost one year after the date of the district court's judgment, Frame, acting *pro se*, filed three Rule 60(b) motions.[3] In his motions he urged that IP committed fraud upon the court by proffering the expert testimony of John Randy Hall, submitting a fraudulent document into evidence, and concealing from the court the "Real Party in Interest."  Finding no evidence of fraud, the district court denied the motions, and Frame now appeals.

Frame first argues that the district court should have excluded Hall, a CPA and Certified Fraud Examiner, from testifying because Hall was unqualified.  He alleges no fraud committed by IP attorneys or Hall in the course of trial proceedings, other than they "knew or should have known that Hall's testimony did not meet

---

[1] International Paper Co. v. Frame, No. 01-41094 (5th Cir. Apr. 8, 2003).

[2] *Id.*

[3] FED. CIV. P. 60(b) ("On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment ... for the following reasons: ... (3) fraud ..., misrepresentation, or other misconduct of an adverse party ....").

the standard of Rule 702."[4]  Frame also asserts that Hall and IP's attorneys had a questionable billing arrangement, speculating that the attorneys paid Hall in increments of less than $10,000 so that IRS reporting requirements would not be triggered.

Rule 60(b) motions "are directed to the sound discretion of the district court .... It is not enough that the granting of relief might have been permissible, or even warranted[;] the denial must have been so unwarranted as to constitute an abuse of discretion."[5]  Frame did not file a motion to strike Hall's testimony, object to his qualifications at trial, or appeal the testimony to this court.  A rule 60(b) motion is not a vehicle to attack an expert's qualifications after the fact.[6]  Further, Frame has cited no evidence of IP and Hall's alleged scheme to hide their payment transactions from the IRS other than IP's billing records that it gave the district court in support of its motion for attorneys' fees and costs, which show payment increments from IP to Hall of below $10,000.  Nor has he shown how this alleged tax fraud

---

[4] Frame argues that Hall's testimony did not meet the requirements of Rule 702 because he did not apply generally accepted auditing standards (GAAS) or generally accepted accounting principles (GAAP) to the financial data he reviewed in the case.

[5] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

[6] *Id.* ("[T]he Rule 60(b) motion is not to be used as a substitute for appeal.").

4

prevented him from fully and fairly presenting his case.[7]    We conclude the district court did not abuse its discretion in rejecting this motion.

Frame also objects that IP employee Randy Cofield created and submitted a fraudulent exhibit to the court with the knowledge of IP attorneys.  The document is a computer record that Cofield said he used to compare with exterior videos to determine that truck loads of wood were not received into the mill.  Frame argues that the document submitted at his civil trial must have been fraudulent because the document Cofield used during Frame's criminal trial[8] to showcase the data for the jury contained an outbound weight and a weigh-out time for each truck, while the document Cofield used during the civil trial contained only weigh-in information.

Frame did not object to entry of this document at trial, although all facts necessary for Frame to object to the document's authenticity were available to him at that time.  Instead, Frame stipulated to the document's admissibility.  Frame's Rule 60(b) motion was an attempt to appeal the entry of the document into evidence.  We find no abuse of discretion in the district court's denial of that motion.

---

[7] *Gov't Fin. Servs. One Ltd. P'ship v. Peyton Place*, 62 F.3d 767, 772 (5th Cir. 1995) ("A party making a Rule 60(b)(3) motion must 'establish by clear and convincing evidence (1) that the adverse party engaged in fraud or other misconduct and (2) that this misconduct prevented the moving party from fully and fairly presenting his case.'").

[8] Frame was acquitted of the criminal charges.

Finally, Frame urges that on November 25, 1998 IP's insurance company agreed to pay IP $1.3 million for the loss occasioned by Frame's alleged actions, and thereafter IP was no longer a real party in interest and could not continue its suit against Frame. Frame set forth the same argument in his motion to dismiss or alter judgment, which he filed soon after the district court entered judgment against him. The district court denied that motion and Frame did not timely appeal it. Frame does not argue that IP did not disclose the settlement to him prior to trial; rather, he asserts that IP's attorneys committed fraud by filing a successful motion in limine to prevent the jury from hearing about the settlement agreement. This is not an issue appropriate to a Rule 60(b) motion, and the district court did not abuse its discretion in concluding that IP and its attorneys did not commit fraud upon the court by pursuing IP's case against Frame after settling with its insurance company or by filing the motion in limine.

AFFIRMED.